# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| **AMANDA BEDDINGFIELD,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No: 1:23-cv-00090-SA-RP** |
| | ) |
| **SOG SURGICAL CENTER, LLC** | ) |
| | ) |
|     **Defendant.** | ) |

## DEFENDANT SOG SURGICAL CENTER, LLC'S ANSWER

**COMES NOW** Defendant SOG Surgical Center, LLC ("SOG" or "Defendant") and submits its Answer to Plaintiff Amanda Beddingfield's ("Plaintiff" or "Beddingfield") Complaint and in response to the separately numbered paragraphs of the Complaint, states as follows.

I.

In response to Paragraph I, including subparagraphs A-C, SOG admits that Plaintiff has correctly stated her name and other information, upon information and belief and further admits that Plaintiff has correctly stated its name, address, phone number, and the address at which Plaintiff worked. SOG denies that it has violated the law in any way and denies any remaining allegations contained in paragraph I, including subparagraphs A-C.

II.

In response to paragraph II, SOG admits that Plaintiff purports to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e to 2000e-17, but denies that it has violated the referenced statute or that Plaintiff is entitled to any relief whatsoever.

III.

In response to paragraph III, including subparagraphs A-D, SOG admits Plaintiff was terminated on March 7, 2022 and that Plaintiff purports to bring a claim for race discrimination for her termination. SOG denies that Plaintiff was terminated because of her race and denies that she is entitled to any relief whatsoever.

In response to subparagraph E and the attachments to the Complaint, SOG denies the allegation that Ms. Barr used the term "nappy" to describe her grandchildren for lack of knowledge or information. SOG admits that Plaintiff referred to a co-worker's grandchild as "nappy" or "nappy-headed." SOG further admits that Plaintiff's co-worker immediately informed Plaintiff that the term "nappy" was offensive, and that the co-worker filed a complaint against Plaintiff. SOG is without sufficient knowledge or information to admit or deny the allegation that Plaintiff spoke with Ms. Barr and therefore denies same. SOG denies that it made any statement regarding the facts alleged in the Complaint to any of Plaintiff's prospective employers. SOG denies any remaining allegations in the attachments to Plaintiff's Complaint, including both the attachment that begins with "While working with an African American nurse . . ." and the attachment that is entitled "Relief Statement." SOG denies that it has violated the law in any way or that Plaintiff is entitled to any relief.

IV.

In response to paragraph IV, including subparagraphs A-C, SOG admits that Plaintiff has filed an EEOC Charge and received what purports to be a Notice of Right to Sue letter, both of which are attached to her Complaint. SOG denies any allegations contained therein and denies that it has violated the law in any way.

V.

In response to paragraph V and the attachment entitled "Relief Statement," SOG denies that Plaintiff is entitled to any of the relief requested and denies that it has violated the law in any way.

VI.

Paragraph VI, including subparagraphs A-B does not contain any allegations directed at SOG. To the extent any allegations are made against SOG in these paragraphs, SOG denies them.

Defendant denies any allegations contained in the Complaint to the extent not specifically admitted above.

**ADDITIONAL DEFENSES**

**FIRST DEFENSE**

Defendant pleads all applicable state and federal limitations periods, both as bars to the claims and requests for relief asserted in the Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

**SECOND DEFENSE**

Any personnel decisions or actions by Defendant affecting Plaintiff was taken for legitimate, non-discriminatory reasons and in good faith and were not based on Plaintiff's race, or other protected characteristic or conduct.

**THIRD DEFENSE**

While Defendant expressly denies that it or its agents acted in any manner that would constitute discrimination in violation of Title VII, if Plaintiff's rights were violated, such violation occurred outside the scope of employment of any of Defendant's employees and without the Defendant's consent. Defendant neither knew nor had reason to know of any such

3

circumstance. Defendant did not condone, ratify, or tolerate any such conduct, but instead prohibited such. Actions entirely outside the course and scope of an employee's employment may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

## **FOURTH DEFENSE**

Defendant did not engage or participate in, authorize, permit, direct, condone or ratify any alleged unlawful, discriminatory, improper, or otherwise actionable conduct. At all times, it acted in good faith.

## **FIFTH DEFENSE**

To the extent that any recovery may be barred due to after-acquired evidence, any recovery must be appropriately offset.

## **SIXTH DEFENSE**

Plaintiff's claims for damages or other monetary relief are barred to the extent that Plaintiff has failed to mitigate the consequences of the actions of which she complains and to the extent that (i) Plaintiff has received off-setting earnings, income or income substitutes from any source since the time of the alleged adverse employment action, (ii) Plaintiff has failed to exercise reasonable diligence in seeking and accepting other employment or self-employment which would reduce any alleged losses, and/or (iii) Plaintiff has been unavailable for work during any period for which she claims monetary losses.

## **SEVENTH DEFENSE**

Defendant may not be held vicariously liable for punitive damages based on unlawful employment actions made by its managerial agents, if any are proven, because any such unlawful actions were contrary to the Defendant's policies and good-faith efforts to comply with the statutes cited by Plaintiff.

**EIGHTH DEFENSE**

Plaintiff is barred from pursuing claims for punitive damages because Defendant did not engage in any acts or omissions which would rise to the level required to sustain an award of punitive or liquidated damages.

**NINTH DEFENSE**

Plaintiffs' claim for punitive damages violates the Mississippi and Federal Constitutions, specifically, on equal protection and due process grounds.

**TENTH DEFENSE**

Any damages Plaintiff may have suffered were proximately caused by her actions and/or omissions or the acts and/or omissions of others and were not the result of any actions and/or omissions of Defendant.

**ELEVENTH DEFENSE**

While denying that Defendant is responsible for any alleged damages, Defendant nevertheless avers that claims for damages under Title VII are limited by the statutory caps set forth in 42 U.S.C. § 1981a(b)(3) and any other applicable damages caps under federal or state law.

**TWELFTH DEFENSE**

The Court is without subject matter jurisdiction or, alternatively, the Complaint fails to state a claim upon which relief can be granted, with respect to any claims that were either (1) not asserted in a timely and valid charge filed with the EEOC or (2) that exceed the scope of the charge that Plaintiff filed with the EEOC.

**THIRTEENTH DEFENSE**

Plaintiff's claims must be dismissed to the extent she has failed to effectuate proper service on Defendant.

5

**FOURTEENTH DEFENSE**

Defendant reserves the right to assert additional affirmative defenses or other defenses of which it becomes knowledgeable during discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff takes nothing by her suit, that Defendant recovers its costs and attorneys' fees and expenses herein, and for such other and further relief legal and equitable to which it may show itself justly entitled.

        Respectfully submitted,

        /s/ Brent E. Siler
        Brent E. Siler (MSB# 101119)
        BUTLER SNOW LLP
        6075 Poplar Avenue, Suite 500
        Memphis, TN 38119
        Tel: (901) 680-7336
        Fax: (901) 680-7201
        brent.siler@butlersnow.com

        *Attorney for Defendant SOG Surgical Center, LLC*

## **CERTIFICATE OF SERVICE**

I, Brent E. Siler, hereby certify that I caused the foregoing to be served on Plaintiff by electronic mail and United States Mail to:

Amanda Beddingfield
110 Plant Street
Plantersville, MS 38862
abeddingfield@comcast.net

*Pro Se Plaintiff*

SO CERTIFIED this, the 21st day of September 2023.

                                                  /s/ Brent E. Siler
                                                Brent E. Siler