**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**AMANDA BEDDINGFIELD**                                                              **Plaintiff**

**v.**                                        **No. 1:23-cv-00090-MPM-RP**

**SOG SURGICAL CENTER, LLC**                                         **Defendant**

**ORDER**

This is an employment discrimination claim. This matter comes before the Court on Defendant SOG Surgical Center, LLC's ("SOG") Motion for Summary Judgment [22] under Fed. R. Civ. P. 56 and Motion to Strike [30] pursuant to Local Rule 7(b)(4). The motions were filed in response to Plaintiff Amanda Beddingfield's Complaint for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). The Court has reviewed the record, carefully considered the applicable law, and is now prepared to rule.

**FACTUAL BACKGROUND**

Amanda Beddingfield is a white female who worked for the SOG Surgical Center in Tupelo, Mississippi as Lead Business Associate from January 2021 to March 2022. On March 2, 2022, Ms. Beddingfield asked her co-worker, Laken Prather, an African American female, to see a photo of her "nappy" baby. Ms. Prather was outwardly upset and offended by Ms. Beddingfield's remarks and filed a formal complaint with SOG's Human Resources Department. After conducting an investigation, SOG decided to terminate Ms. Beddingfield's employment for her statement which violated a company policy against racial harassment. Ms. Beddingfield has since filed a complaint against SOG for employment discrimination claiming that she was fired because of her race. In response, SOG filed a motion for summary judgment contending that Ms. Beddingfield cannot show that she was fired because of her race.

**STANDARD OF REVIEW**

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'r of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc City Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

**DISCUSSION**

Ms. Beddingfield was fired for making an offensive comment toward her co-worker, Ms. Prather, in violation of SOG's Nonharassment Policy. While the plaintiff may not have intended to offend Ms. Prather with her comment, misplaced intent is not sufficient evidence to establish a viable claim for employment discrimination. Ms. Beddingfield was not discharged because of her

race but rather for a disparaging remark made to a co-worker, and therefore, the plaintiff cannot meet the requirements to establish a claim under Title VII.

I. **Title VII**

Title VII of the Civil Rights Act of 1964 was created to prohibit discrimination in the workplace against employees and applicants based on their race, color, national origin, religion, or sex. 42 U.S.C.A. § 2000e-2(a). Under Title VII, it is unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1).

Employment discrimination claims brought under Title VII "typically rely on circumstantial evidence that is evaluated under the burden-shifting framework first articulated in *McDonnell Douglas*." *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). Under the *McDonnell-Douglas* framework, a plaintiff must first establish a prima facie case of discrimination by showing that she "(1) belongs to a protected class, (2) was qualified for the position, (3) suffered an adverse employment action, and (4) either was replaced by a similarly qualified person who was not a member of her protected group, or was treated less favorably than a similarly situated employee." *Boyd v. Corr. Corp. of Am.*, 616 F. App'x 717, 720 (5th Cir. 2015). In making the latter showing of disparate treatment, the misconduct for which the plaintiff was discharged must be "nearly identical" to the conduct engaged in by other employees. *Id.* If the employee establishes a prima facie case, the burden shifts to the employer to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action. *Id*. If the employer satisfies this burden, the employee must come forward with evidence that the legitimate reasons proffered were not the true reasons but instead a pretext for discrimination. *Id*.

3

Ms. Beddingfield alleges that she was terminated due to her race and claims that her termination was an "appeasement" for the "racial unsettlement" within the office. She contends that this racial unsettlement is supported by her findings that the receptionist position at SOG needed to be filled by a person of color, and that an employee was not disciplined for telling a nurse that he was "going to hell for being gay." The Court is unpersuaded by Ms. Beddingfield's position.

Ms. Beddingfield has not provided factual evidence to support these claims, nor are the employees described herein similarly situated to Ms. Beddingfield's position. The receptionist position is not nearly identical to her position as Lead Business Associate. Additionally, her belief that the receptionist position needed to be filled by a person of color is based on hand gestures and a nod given by a fellow co-worker. The allegation that an employee was not disciplined for making an offensive remark to an employee about his sexual preference is also not nearly identical to Ms. Beddingfield's racial slur. Furthermore, as Ms. Beddingfield points out, the above-mentioned employee's race is unknown and, therefore, does not support her defense of racial unsettlement within the office. Both assertions fall under "conclusory allegations, unsubstantiated assertions, or a scintilla of evidence" which are insufficient bases to defeat summary judgment.

Ms. Beddingfield has not satisfied all four requirements under the *McDonnell-Douglas* analysis as she has failed to establish that her position was replaced by a similarly qualified person who was not a member of her protected class, nor has she demonstrated that she was treated less favorably than a similarly situated employee. For these reasons, the Court must grant SOG's motion for summary judgment as Ms. Beddingfield has not established a prima facie case of racial discrimination, nor has she offered evidence that the legitimate, non-discriminatory reason for her discharge was actually a pretext for discrimination. In light of this, the cumulative informal and

undisputed inappropriate remarks made by Ms. Beddingfield in the workplace lead this Court to believe that the decision to discharge Ms. Beddingfield had nothing to do with her race but had everything to do with her disparaging remarks made to her fellow co-workers.

### II. Motion to Strike

SOG has also filed a motion to strike Ms. Beddingfield's Reply [28] to SOG's Reply in Support of Motion for Summary Judgment [25] for failure to comply with Local Rule 7(b)(4). This Court generally offers a pro se plaintiff leeway for such trivial deviations from the rule. Considering the Court has decided to grant SOG's motion for summary judgment, the need to strike Ms. Beddingfield's reply is unnecessary as it offers no further substantial evidence to support her claim.

### CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment [22] is **GRANTED** as Plaintiff has failed to establish a viable claim for employment discrimination under Title VII.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Strike [30] Plaintiff's Reply to Defendant's Reply in Support of Motion for Summary Judgment is **DENIED** as Plaintiff's Reply offers no substantial evidence of her claim for relief.

A separate judgment in accordance with this order will be entered on this date.

SO ORDERED this 22nd day of August, 2024.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI